[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14034
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-20058-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS MALAVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 26, 2010)

Before EDMONDSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Louis Malave appeals his 14-month Guidelines sentence following his

supervised release revocation hearing. Although Malave admits that he violated the conditions of his supervised release, he contends on appeal that his sentence is unreasonable. Malave argues that the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a), as well as other mitigating circumstances, in determining his sentence. He contends that extenuating circumstances surrounding his rehabilitation from drug abuse, as well as health issues related to his depression and insomnia, were extenuating circumstances that should have factored into the sentencing equation. He further maintains that the district court disregarded evidence that he had the benefit of family support, a new job, and that he recently became more significantly involved in the life of his daughter.

We review the district court's ultimate sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). A final sentence may be procedurally or substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A sentence is procedurally unreasonable if the district court improperly calculated the Guidelines imprisonment range, treated the Guidelines as mandatory, failed to consider the appropriate statutory factors, based the sentence on clearly erroneous facts, or failed to adequately explain its reasoning. *Id*. If the district court made no procedural errors, then the substantive reasonableness of the

sentence is reviewed to determine whether the sentence is supported by the § 3553(a) factors. *Id*. at 56, 128 S. Ct. at 600. A district court is not required to state that it has explicitly considered each of the § 3553(a) factors or to discuss each factor. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). The district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468.

Malave has not established that his sentence is unreasonable. After Malave admitted that he violated his supervised release, the district court accurately calculated the Guidelines range, made no procedural errors in the process, and sentenced Malave within that range. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Despite the district court's failure to explicitly articulate that it had considered the § 3553(a) factors, the district court did discuss Malave's prior criminal history and expressed concern over the speed with which Malave had regressed. Since posting bond, Malave had tested positive again for a controlled substance. Further, the Court noted that it had "carefully considered the statements

of all parties and the information in the violation report."

We are satisfied that the district court, therefore, correctly applied the Guidelines and adequately considered the sentencing factors in imposing a within-Guidelines sentence. Thereby finding his sentence to be procedurally and substantively reasonable, we affirm Malave's sentence.

**AFFIRMED.**